NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 9, 2011[*]
Decided February 9, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-3925

| | |
|---|---|
| ROY BEBOUT, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Southern District of Indiana, |
| | Evansville Division. |
|     *v.* | |
| | No. 3:08-cv-0193-DFH-WGH |
| JESSICA THOMAS and | |
| MARSHA ABELL, | David F. Hamilton, |
|     *Defendants-Appellees.* | *Judge.* |

**O R D E R**

In this suit under 42 U.S.C. § 1983, Indiana prisoner Roy Bebout claims that the former Vanderburgh County clerk and one of her employees deprived him of his right to access the courts. In April 2004, while Bebout's petition for postconviction relief was pending in state circuit court, he sent to the clerk's office an amended petition along with a motion for an evidentiary hearing. Although one of the clerk's employees signed a return receipt acknowledging Bebout's certified mailing, the amended petition and the motion

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

were not filed.  In addition, Bebout asserts, the clerk provided him with a transcript of his criminal trial that was incomplete and riddled with errors.  The circuit court denied Bebout's petition for postconviction relief in May 2004, and the Court of Appeals of Indiana affirmed the judgment in February 2005.  In its decision the court of appeals noted that, notwithstanding Bebout's protestations, neither an amended petition nor a motion for an evidentiary hearing had been filed in the circuit court.

Bebout didn't file this suit, however, until December 2008.  The district court granted the defendants' motion for summary judgment, reasoning that the statute of limitations had run on Bebout's claim.  At the latest, the court explained, Bebout should have known that something had gone awry at the clerk's office in February 2005, when the court of appeals issued its decision.  Applying Indiana's two-year statute of limitations for personal-injury suits, *see* IND. CODE § 34-11-2-4, the court concluded that Bebout's complaint came at least 22 months too late.

On appeal Bebout insists that the district court ought to have applied Indiana's five-year statute of limitations for suits against public officers arising from omission of an official duty.  *See* IND. CODE § 34-11-2-6.  A court entertaining an action under § 1983, however, must apply the forum state's general statute of limitations for personal-injury suits, *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Hoagland v. Town of Clear Lake*, 415 F.3d 693, 699-700 (7th Cir. 2005), not its statute of limitations for wrongs committed by a public officer, *Wilson v. Garcia*, 471 U.S. 261, 279 (1985).  In the alternative, Bebout urges that the district court ought to have tolled the two-year statute of limitations.  But tolling principles too are borrowed from the forum state, *Bd. of Regents v. Tomanio*, 446 U.S. 478, 483 (1980), and Bebout has not identified any provision of Indiana law that would permit him to suspend the running of the limitations period, *see Behavioral Inst. of Ind., LLC v. City of Hobart Common Council*, 406 F.3d 926, 932 (7th Cir. 2005) (listing Indiana's grounds for tolling).

AFFIRMED.